**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JASON ARTHUR ALTHEIDE,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS KLENCZAR et al.,<br><br>    Defendants. | 2:16-cv-02272-RFB-NJK<br><br>**ORDER** |

## I. DISCUSSION

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has filed multiple addendums to his amended complaint and several miscellaneous motions. (ECF No. 11, 12, 13, 15, 18, 19, 22, 24, 25).

With respect to Plaintiff's addendums, the Court will not piecemeal Plaintiff's amended complaint together. Plaintiff's operative complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. As such, the Court will grant Plaintiff leave to file a fully complete second amended complaint.

If Plaintiff chooses to file a second amended complaint he is advised that a second amended complaint supersedes (replaces) the original and amended complaints and, thus, the second amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's second amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to

pursue in this lawsuit. Moreover, Plaintiff must file the second amended complaint on this Court's approved prisoner civil rights form and it must be entitled "Second Amended Complaint."

The Court further denies as moot Plaintiff's motion for transfer out of Nye County's custody because Plaintiff is now in the custody of the NDOC. (ECF No. 12). The Court also denies the motions requesting discovery (ECF No. 13, 22) as premature. The Court denies the motion for writ of mandamus (ECF No. 24) which attempts to appeal a Nevada Supreme Court order to this Court. The Court denies the motion for a status hearing (ECF No. 25).

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that, if Plaintiff chooses to file a second amended complaint, Plaintiff shall file the second amended complaint within 30 days from the date of entry of this order.

IT IS FURTHER ORDERED that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his amended complaints (ECF No. 11, 15, 18, 19). If Plaintiff chooses to file a second amended complaint, he must use the approved form and he shall write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

IT IS FURTHER ORDERED that, if Plaintiff does not timely file a second amended complaint, the Court will screen the amended complaint at ECF No. 11 only and strike all other addendums (ECF No. 15, 18, 19) from the docket.

IT IS FURTHER ORDERED that the motion to transfer (ECF No. 12) is denied as moot.

IT IS FURTHER ORDERED that the discovery motions (ECF No. 13, 22) are denied as premature.

IT IS FURTHER ORDERED that the motion for writ of mandamus (ECF No. 24) is denied.

///
///
///

IT IS FURTHER ORDERED that the motion for status hearing (ECF No. 25) is denied.

DATED: This 14th day of July, 2017.

_____
United States Magistrate Judge