**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JASON ARTHUR ALTHEIDE, ) | |
| Plaintiff, ) | |
| v. ) | 2:16-cv-02272-RFB-NJK |
| THOMAS KLENCZAR et al., ) | **ORDER** |
| Defendants. ) | (Docket Nos. 34, 36) |
| _____ ) | |

## I.  DISCUSSION

On December 18, 2017, the Court issued a screening order dismissing some claims with prejudice, dismissing other claims with leave to amend, and permitting other claims to proceed. (ECF No. 35 at 14-15).  The Court granted Plaintiff 30 days from the date of that order to file a second amended complaint curing the deficiencies of the amended complaint. (*Id.* at 15).  The Court specifically stated that, if Plaintiff chose not to file a second amended complaint, the action would proceed against Defendants Gray, Boruchowitz, and Wehrly (Count II and Count VIII deliberate indifference claims); Gray, Means, and Boruchowitz (Count V-deprivation of property); Means, Boruchowitz, Gray, and Wehrly (Count VII-procedural due process violations); Bissell, Doe 1, and Doe 2 (Count VIII-excessive force); and Boruchowitz and Wehrly (Count IX-procedural due process violations) only.  (*Id.* at 16).

Plaintiff did not file a second amended complaint but did file a notice to identify the previously unidentified defendants in Count VI. (ECF No. 36 at 1). In the notice, Plaintiff states that the "defendants in Count VI as being Doe 1 and Dave Boruchowitz as sheriff that grabbed and pulled arms while Harry Means was sheriff who shot [Plaintiff] in stomach with Tazer while [Plaintiff] was already restrained by two other sheriff deputies." (*Id.*) The Court interprets this as a motion to substitute Doe defendants.

In the screening order, the Court found that Plaintiff "potentially state[d] a colorable excessive force claim" but failed to name the parties responsible for grabbing and pulling his arms and shooting him with a Tazer. (ECF No. 35 at 9). The Court grants the motion to substitute the names of those defendants and finds that Plaintiff states a colorable excessive force claim in Count VI against Defendants Boruchowitz, Means, and Doe 1 (when Plaintiff learns his or her identity).

Pursuant to the screening order and this order, this action shall proceed against Defendants Gray, Boruchowitz, and Wehrly (Count II and Count VIII deliberate indifference claims); Gray, Means, and Boruchowitz (Count V-deprivation of property); Boruchowitz, Means, and Doe 1 (Count VI-excessive force); Means, Boruchowitz, Gray, and Wehrly (Count VII-procedural due process violations); Bissell, Doe 1, and Doe 2 (Count VIII-excessive force); and Boruchowitz and Wehrly (Count IX-procedural due process violations) only.

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that, pursuant to the Court's screening order (ECF No. 35) and this order, this action shall proceed against Defendants Gray, Boruchowitz, and Wehrly (Count II and Count VIII deliberate indifference claims); Gray, Means, and Boruchowitz (Count V-deprivation of property); Boruchowitz, Means, and Doe 1 (Count VI-excessive force); Means, Boruchowitz, Gray, and Wehrly (Count VII-procedural due process violations); Bissell, Doe 1, and Doe 2 (Count VIII-excessive force); and Boruchowitz and Wehrly (Count IX-procedural due process violations) only.[1]

---

[1] These claims may proceed against Doe defendants when Plaintiff learns their identities.

2

1      IT IS FURTHER ORDERED that the Clerk of Court **SHALL ISSUE** summonses for Defendants Harry Means, Dave Boruchowitz, Mike Gray, Joshua Bissell, and Sharon Wehrly, **AND DELIVER THE SAME**, to the U.S. Marshal for service. The Clerk **SHALL SEND** to Plaintiff **five (5)** USM-285 forms. The Clerk also **SHALL SEND** a copy of the amended complaint (ECF No. 11) and a copy of this order to the U.S. Marshal for service on Defendant(s). Plaintiff shall have **thirty (30) days** within which to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to each Defendant on each form. Within **twenty (20) days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which Defendant(s) were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved Defendant(s), then a motion must be filed with the Court identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

     IT IS FURTHER ORDERED that, henceforth, Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Defendants or counsel for the Defendants. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

1       IT IS FURTHER ORDERED that the Court interprets the notice (ECF No. 36) as a motion to substitute Doe defendants and GRANTS the motion.

      IT IS FURTHER ORDERED that the motion for service (ECF No. 34) is DENIED as moot in light of this order.

      DATED: This 24th day of January, 2018.

                                                        NANCY J. KOPPE
                                                        United States Magistrate Judge