UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JASON ARTHUR ALTHEIDE,<br><br>    Plaintiff(s),<br><br>v.<br><br>THOMAS KLEUCZAR, et al.,<br><br>    Defendant(s). | Case No.: 2:16-cv-2272-RFB-NJK<br><br>**Order**<br><br>(Docket Nos. 58, 70) |

Pending before the Court are Plaintiff's motions to compel discovery from Defendant Sharon Wehrly. Docket Nos. 58, 70. The Court has considered Plaintiff's motions, Defendant's response to Docket No. 58, and Plaintiff's reply to Docket No. 58. Docket Nos. 58, 70, 63, 66. The Court finds that the motions are properly resolved without a hearing. *See* Local Rule 78-1. For the following reasons, the Court **DENIES** Plaintiff's motions to compel discovery. Docket Nos. 58, 70.

In Docket No. 58, Plaintiff asks the Court to compel certain documents from Defendant Wehrly, which Plaintiff submits he requested on March 18, 2018. Docket No. 58. Plaintiff further requests $500 "as reasonable expense[s] in obtaining this order…." *Id.* In response, Defendant submits that it has not been served with the request for production of documents. Docket No. 63. In reply, Plaintiff submits that he mailed the request for production of documents on March 18, 2018, to Defendant Wehrly. Docket No. 66; *see also* Docket No. 47 at 2. In Docket No. 70, Plaintiff submits that he served Defendant Wehrly a request for production of documents on May

1

18, 2018, for "grievances and responses, requests and responses, disciplinary write ups, e-mails, psych requests," but that he "received only logs." Docket No. 70.

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel and *pro se* parties should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). A threshold issue in the review of any motion to compel is whether the movant made adequate efforts to resolve the dispute without court intervention. *See Cardoza v. Bloomin' Brands*, Inc., 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). Fed.R.Civ.P. 37(a)(1) requires that the party bringing a motion to compel discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

The Local Rules further expound on this requirement, providing that discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer … before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c). In cases of an incarcerated individual appearing *pro se*, Local Rule IA 1-3(f)(1) permits the parties to satisfy the meet-and-confer requirement "through written communication." Plaintiff fails to include the required declaration to his motions indicating that the parties met and conferred.

Accordingly, the Court **DENIES** Plaintiff's motions to compel discovery. Docket Nos. 58, 70; *see also* Local Rules IA 1-3(f)(4), 26-7(c).

IT IS SO ORDERED.

Dated: June 15, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

2